Selligman *et al.* agt. Wallach *et al.*

Decree for plaintiff, with costs.

# N. Y. SUPERIOR COURT.

JAMES SELLIGMAN *et al.* agt. ABRAHAM WALLACH *et al.*

*Supplementary proceedings — Examination of debtors who have made an assignment for the benefit of creditors not to be restricted to property acquired since the assignment—Code of Civil Procedure, sections 2435, 2436, 2460.*

The examination of debtors in supplementary proceedings, who had made an assignment for the benefit of creditors should not be restricted to property acquired by them since the assignment, but may cover an inquiry "concerning their property," whether equitable or legal, including their property transferred to another with the apparent intent to hinder, delay or defraud their creditors.

*Special Term, October,* 1884.

O'GORMAN, *J.* — Defendants being examined in supplementary proceedings under section 2435 of the Code, claim that the examination should be restricted to questions relating to property acquired since the general assignment for the benefit of creditors. In this assignment the wife of one of the defendants and the daughter of the other defendant are preferred to amounts reaching in the aggregate $82,000, constituting the bulk of the assets of the defendants. I do not think that such a restriction would be proper. The sections of the Code authorizing the examination of a judgment debtor provides that he may be required to attend and be examined "concerning his property" (*Secs.* 2435, 2436). The attitude of the parties in such cases is this: the creditor

Selligman *et al.* agt. Wallach *et al.*

has exhausted the ordinary remedies and means to collect his debt — by judgment and execution — neither the sheriff nor he can discover any property subject to levy without examination of the debtor himself. The law gives the creditor the right to examine the debtor " concerning his property," meaning thereby such property as could not be discovered, and which has been overlooked or hidden or put beyond the reach of creditors. It is an inquisitorial proceeding and was meant to be so.

An assignment for the benefit of creditors, so-called, is too frequently an expedient of dishonest debtors and in order to hinder, delay and defraud creditors, and when made with that intention, the title to the property does not vest in the assignee, but is still, in equity, the property of the debtor and subject to levy under execution. The claim that the mere fact of the debtor's having made a general assignment of his property, stops all further inquiry on the part of the creditor in these proceedings, seems to me untenable and inconsistent with the manifest purpose of these proceedings. Such seems to be the opinion of the court of appeals in *Lathrop* agt. *Clapp* (40 *N. Y.*, 33). In *Mechanics and Traders' Bank* agt. *Healy* (14 *Weekly Dig.*, 120), the creditor was allowed to show by examination of the debtor in supplementary proceedings that a purchase of the debtor's property was not made in good faith. Property of the judgment debtor, which had become vested in the assignee under a valid assignment, cannot, of course, be reached by these proceedings. It had ceased to be the property of the debtor. But if the assignment bears on its face, or in the circumstances of its execution, any of the ordinary and manifest indications of fraud, then by examination of the judgment debtor it can be shown that the assignment is not valid. The question whether or not the assigned property is not still the property of the debtor is in doubt, and the examination may be directed to that inquiry.

The provisions of section 2460 of the Code, which protect the judgment debtor against the use of his evidence of his

own complicity with any fraudulent transfer of his property in criminal proceedings against him, seemed further to sustain the opinion I have above expressed, and I hold, for the purposes of this motion, that the examination of the defendants in this case must not be restricted to property acquired by them since the assignment, but may cover an inquiry "concerning their property," whether equitable or legal, including their property transferred to another with the apparent intent to hinder, delay or defraud their creditors. The scope, and extent, and nature, and mode of that examination must be subject to the control and direction of the judge or referee before whom the examination is taken.